UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00678-MOC-DCK

| | |
|---|---|
| LAUREN SWARINGER ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| AMERICAN AIRLINES GROUP ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant American Airlines Group's ("AAG") Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 7). Plaintiff, who is *pro se*, failed to respond to this motion.

### I. PROCEDURAL BACKGROUND

Plaintiff Lauren Swaringer ("Plaintiff") has appeared several times in this court to try and litigate this case. She has filed five lawsuits arising from the same facts before filing this Complaint. See Swaringer v. American Airlines, Inc., 3:20-cv-00135 (cataloging prior cases and dismissing sua sponte for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted); Swaringer v. PSA Airline, Inc., 3:18-cv-00481 (dismissing for lack of subject matter jurisdiction after Plaintiff failed to respond to defendant's motion to dismiss); Swaringer v. PSA Airline, Inc., 3:18-cv-00531 (granting defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim); Swaringer v. PSA Airline, Inc., 3:19-

1

cv-00084 (granting defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim); Swaringer v. PSA Airline, Inc., 3:19-cv-00629 (dismissing on initial review for failure to state a claim and lack of subject matter jurisdiction). In each lawsuit, she presents nearly identical allegations: She alleges she was injured because of wearing her uniform while employed as a PSA flight attendant.

This Court dismissed each of her five prior lawsuits based on the North Carolina Workers' Compensation Act, which bars employees from suing their employers in civil negligence actions. See id. In the most recent Order dismissing Plaintiff's case, Judge Mullen warned Plaintiff that if she filed the same frivolous lawsuit again, she may be sanctioned:

> The federal courts are of limited jurisdiction and they are heavily burdened with legitimate federal actions. Litigious, frivolous filers such as Plaintiff clog the court system and strain the Court's scarce time and resources. Should Plaintiff present the same frivolous claims to the Court, she will be ordered to show cause why she should not be sanctioned with monetary penalties for filing vexatious lawsuits, and why this Court should not enter a pre-filing injunction against her.

Swaringer, 3:20-cv-00135, Doc. No. 3 at 6-7. Just months after Judge Mullen issued that Order, Plaintiff filed her sixth and seventh lawsuits, again alleging injuries relating to her uniform. She filed this action against AAG on December 7, 2020 and her seventh lawsuit, again against PSA, on January 21, 2021.

## II. FACTUAL ALLEGATIONS

In her Complaint against AAG, Plaintiff purports to assert a single cause of action for "personal injury." (Doc. No. 1). According to Plaintiff, she "was injured while on "American Airlines Group" [aircraft] all while in the "American Airlines" company mandated uniform on

2

the premises of American Airlines-Charlotte Hub." (Id.). She alleges that her injury became apparent on December 7, 2017. (Id.). That is the entirety of her allegations, for which she seeks $10 million in damages. (Id.).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.) (quoting Twombly, 550 U.S. at 556). The court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must

3

separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id.). However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. (Id. at 679).

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). A complaint that shows that the statute of limitation has run is the "most common" situation where an affirmative defense appears on the face of a pleading. (Id.). (citing 5A Wright & Miller, Federal Practice & Procedure § 1357, at 352 (1990)). So long as all the facts necessary to show the time bar are in the complaint, the court has the authority to dismiss the action at the Rule 12(b)(6) stage. Worrell v. A Woman's View, P.A., No. 518CV178-MOC-DSC, 2019 WL 427336, at *2 (W.D.N.C. Feb. 4, 2019).

### III. DISCUSSION

Plaintiff's conclusory allegation that she was "injured while on "American Airlines Group" Bombardier [aircraft]" while "in the 'American Airlines' company mandated uniform" does not include any fact that connects AAG to her alleged injuries, her uniform, or the cause of

her alleged injuries. Accordingly, her Complaint is dismissed.[1]

Moreover, Plaintiff's Complaint is barred by the three-year statute of limitations ("SOL") for her claim. Plaintiff attempts to allege a claim for personal injury. (Doc. No. 1). Personal injury claims must be brought within three years of the date that "bodily harm to the claimant … becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. GEN. STAT. § 1-52(16). Plaintiff makes numerous allegations in her prior lawsuits that the alleged harm became apparent no later than May/June 2017. For example, she asserts that "[i]n May 2017 after forcefully being placed on a leave of absence due to my worsening health condition I applied for Worker's Compensation … ." Swaringer, 3:19-cv-00084-FDW- DSC, Doc. No. 1, and that as a result of wearing her uniform she "became seriously injured, forcing [her] to seek medical attention from a American Airlines Physician whom upon exam required Plaintiff's need for immediate Medical Leave starting May 4, 2017 also immediate discontinuation of exposure to uniform." Swaringer, 3:20-cv-00135-GCM, Doc. No. 1 at ¶ 9.

Plaintiff also asserts that as a direct result of her injury she became homeless and diagnosed with "depression, anxiety, panic attacks and PTSD" which forced her into continuous therapy with a psychiatrist since June of 2017. (3:20-cv-00135-GCM, Doc. No. 1 at ¶ 11). See

---

[1] Moreover, any attempt to amend to state a claim against AAG would be futile because AAG is a holding company only with no operations or even employees, but only officers, and because, as detailed below, the applicable SOL and the exclusivity provision of the North Carolina's Workers' Compensation Act bar any potential claim.

also Swaringer, 3:18- cv-00481-FDW-DCK, Doc. No. 1-1, at ¶ 4.B ("My medical condition has caused the plaintiff to grant & place myself on short term disability as of May 4, 2017…"); Swaringer, 3:19-cv-00084-FDW- DSC, Doc. No. 1 at 8 ("I was rushed to CMC Emergency in May 2017 for face and throat swelling and severe allergic reaction" and her medical professional concluded after examining her that she was "Unable to Work as of 05-17-2017" due to a serious medical illness resulted from long extended hours in and around my uniform"); Swaringer, 3:19-cv-00084-FDW-DSC, Doc. No. 1 at 6 ("In May 2017 after forcefully being placed on a leave of absence due to my worsening health condition I applied for Worker's Compensation….").

Plaintiff's own filings and allegations establish that she knew about her alleged injuries by May and June 2017, at the latest. Therefore, Plaintiff had to file any lawsuit alleging a personal injury claim no later than June 2020. Plaintiff's Complaint, filed on December 7, 2020, is six months too late.

Plaintiff attempts to avoid dismissal by alleging that her injury became apparent on December 7, 2017, when her long-term disability was approved. (Doc. No. 1). But this directly contradicts numerous allegations she makes in her prior lawsuits and thus is not credited by this Court. This Court takes judicial notice of her prior allegations. McGee v. North Carolina State Bar, No. 5:12–CV–227–FL., 2012 WL 5993762, *1, n.1 (E.D.N.C. Oct. 2, 2012) (citing Philips v. Pitt County Mem. Hosp., 527 F.3d 176 (4th Cir. 2009), adopting recommendation 2012 WL 5993758 (E.D.N.C. Nov. 30, 2012); see also Fed. R. Evid. 201. This Court "cannot accept as true allegations that contradict matters properly subject to judicial notice." Miller v. Ingles, No. 1:09-

6

CV-200, 2009 WL 2448562, *1 (W.D.N.C. Aug. 7, 2009) (internal quotations omitted) (citing Venev v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)); Stromberg v. Ashland, Inc., No. 1:07-CV-332, 2008 WL 11355372 (M.D.N.C. July 16, 2008) (rejecting plaintiff's contradictory statement offered to defeat dismissal and granting motion to dismiss where plaintiff's claim was time barred).

Accordingly, Plaintiff's Complaint is also dismissed because it is time-barred by the applicable three-year SOL.

### IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief can be granted because her allegations are conclusory, and her claim is also barred by the applicable SOL. As such, Defendant's Motion to Dismiss under is **GRANTED**.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 7) is **GRANTED** and the Complaint is **DISMISSED** with **PREJUDICE**.

Signed: April 9, 2021

Max O. Cogburn Jr.
United States District Judge